[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13606

Non-Argument Calendar

_____

JULIE WINES,

Plaintiff-Appellant,

*versus*

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-25252-MGC

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Julie Wines appeals the district court's affirmance of the Social Security Administration's ("SSA") denial of her claim for disability insurance benefits ("DIB"), pursuant to 42 U.S.C. § 405(g). Wines argues that the Social Security Commissioner (the "Commissioner") did not satisfy its burden in step five of the sequential analysis of establishing that there are other jobs that exist in significant numbers in the national economy that she could perform. Second, she argues that the administrative law judge's ("ALJ") residual functional capacity ("RFC") finding was not supported by the substantial evidence of record. Finally, Wines argues that the ALJ did not properly assess her symptoms and limitations. For the reasons set forth below, we affirm.

## I.

"In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based," but "we review the resulting decision only to determine whether it is supported by substantial evidence.". *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Under the substantial evidence standard, a court "looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration in original) (quoting *Consolidated Edison Co. v.*

*NLRB*, 305 U.S. 197, 229 (1938)).  Substantial evidence is "more than a mere scintilla" and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  *Id.* (quoting *Consolidated Edison*, 305 U.S. at 229.  However, "the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  If in light of the record as a whole, substantial evidence supports the Commissioner's decision, we will not disturb it. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).  Under this standard of review, we will not decide the facts anew, make credibility determinations, or reweigh the evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

To make a disability determination, an ALJ must engage in a five-step sequential analysis.  *See* 20 C.F.R. § 404.1520(a)(4).  In step four, the ALJ must assess the claimant's RFC and her ability to return to her past relevant work. *Id.* § 404.1520(a)(4)(iv); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).  The regulations define RFC as that which the individual is still able to do despite the limitations caused by her impairments. *Phillips*, 357 F.3d at 1238 (citing 20 C.F.R. § 404.1545(a)).

A claimant bears the burden at the first four steps, but the burden shifts to the Commissioner at step five, where she must prove that other jobs exist in the national economy that the claimant can perform, considering her RFC, age, education, and work experience. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020).  "If the Commissioner makes this showing, 'the

burden shifts back to the claimant to prove she is unable to perform the jobs suggested.'" *Id.* at 1279 (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)).

At step five, the ALJ may determine whether a significant number of jobs exist in the national economy that the claimant can perform by either applying the medical-vocational guidelines or by obtaining the testimony of a vocational expert. *Winschel*, 631 F.3d at 1180. For a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments. *Id.* However, a hypothetical question may explicitly or implicitly account for the limitation. *See id.* at 1181.

Here, substantial evidence supports the ALJ's finding that, based on Wines's RFC, age, education, and work experience, jobs existed in the national economy in significant numbers that she could perform. Accordingly, we conclude that Commissioner met her burden in step five of the required analysis.

## II.

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. § 423(a)(1)(E). The individual seeking social security disability benefits bears the burden of proving that she is disabled. *Moore*, 405 F.3d at 1211. A claimant is disabled if she cannot engage in a substantial gainful activity because of a medically determinable impairment that can be expected to result in death, or that

has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. § 423(d)(1)(A).

The ALJ considers medical opinions from acceptable medical sources, which include licensed physicians and licensed psychologists.  20 C.F.R. § 404.1502(a).  The ALJ must state with particularity the weight given to different medical opinions and the reasons, therefore.  *Winschel*, 631 F.3d at 1179.  Thus, we will not affirm merely because some rationale supports the ALJ's conclusion if he fails to state with at least some measure of clarity the grounds for his decision.  *Id.*

The Commissioner, not a claimant's physician, is responsible for determining whether the claimant is statutorily disabled.  20 C.F.R. § 404.1527(d).  A medical source's opinion that a claimant is disabled is not dispositive of a disability claim because the determination is reserved to an ALJ acting on behalf of the Commissioner.  *Id.*; *Walker v. Comm'r of Soc. Sec.*, 987 F.3d 1333, 1339 (11th Cir. 2021).  Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ evaluates such a statement in light of the other evidence presented.  *See* 20 C.F.R §§ 404.1527(d), 404.1545(a)(3).

State agency medical or psychological consultants are considered experts in social security disability evaluation, and the ALJ must consider and assign weight to their opinions in the same manner as other medical sources.  *See* 20 C.F.R. § 404.1527(c), (e).  However, these one-time examiners are not considered "treating physicians," and thus, their opinions are not entitled to deference.

*McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).  The weight to be given to a non-examining physician's opinion depends on, among other things, the extent to which it is consistent with other evidence.  *See* 20 C.F.R. § 404.1527(c)(4).  When reviewing the report of a consultative examiner, the ALJ considers whether the report provides evidence that serves as an adequate basis for decision-making, is internally consistent, and is consistent with other information available.  *Id.* § 404.919p(a)(1)–(3).

Here, we conclude that substantial evidence supports the ALJ's determination that Wines was not disabled from December 21, 2015.  The consultative examiner's report was consistent with Wines's medical records that showed she exhibited symptoms of depression and anxiety, but fair concentration and grossly intact memory, such that she possessed an RFC to perform jobs that existed in the national economy in significant numbers.

### III.

To establish a disability based on the testimony of pain and other symptoms, the claimant must show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged symptoms; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed [symptoms]."  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see* 20 C.F.R. § 404.1529(a).  The ALJ must consider whether inconsistencies exist within the evidence or between the claimant's statements and the evidence including the claimant's history, medical signs, and

statements by medical sources or other sources about how her symptoms affect her. 20 C.F.R. § 404.1529(c)(4). The ALJ may use symptoms to diminish the claimant's capacity for basic work activities to the extent that their alleged functional limitations and restrictions due to symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. *Id.*

The ALJ considers medical opinions from acceptable medical sources, which include licensed physicians and licensed psychologists. *Id.* § 404.1502(a). Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including symptoms, diagnoses and prognoses, and the claimant's physical or mental restrictions. *Id.* § 404.1527(a)(1). When weighing medical opinion evidence, the ALJ considers many factors, including the examining relationship, the treatment relationship, whether an opinion is well-supported, and whether an opinion is consistent with the record. *Id.* § 404.1527(c); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1260 (11th Cir. 2019).

The ALJ must provide explicit, adequate reasons for discrediting subjective testimony. *Wilson*, 284 F.3d at 1225. The ALJ's failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. *Id.* However, we will not disturb a clearly stated credibility determination that substantial evidence supports. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

Here, we find that the ALJ articulated explicit, adequate reasons for discrediting Wines's subjective testimony, as he provided an overview of her representations of her symptoms in her testimony before determining her representations of the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent" with the record.

★ ★ ★ ★

Accordingly, we affirm the SSA's denial of Wines's claim for DIB.

**AFFIRMED.**