[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15039

_____

D.C. Docket No. 4:18-cv-00955-JHE

JOHN DIXON WALKER, JR.,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 11, 2021)

Before WILLIAM PRYOR, Chief Judge, GRANT and TJOFLAT, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether an administrative law judge failed

to give proper weight to the opinions of two medical professionals. John Dixon

Walker Jr. applied to the Commissioner of the Social Security Administration for disability insurance benefits. A physician and a vocational rehabilitation specialist both concluded that he was disabled. But an administrative law judge assigned little weight to their opinions and denied Walker's application. The district court affirmed, and so do we. The Commissioner delegates the determination of disability at the hearing level to an administrative law judge with review by the Appeals Council. And here, substantial evidence supports the administrative law judge's decision that Walker is not disabled.

## I. BACKGROUND

In May 2011, while at work unloading an air-conditioning unit from a truck, John Walker injured his back. A few months later, he went to an orthopedic clinic for treatment for ongoing pain in his back and his left leg. Tests revealed a mild defect in one of his lumbar vertebrae and a pinched nerve.

A physical therapist performed a functional-capacity evaluation and determined that Walker had a lumbar spine impairment of five percent. In the therapist's opinion, Walker could work an eight-hour day with medium physical demands, but he would have difficulty in a job that required frequent or constant standing.

After discussing the possibility of surgery, the physician at the orthopedic clinic told Walker that he could resume light work and that he should return to the

2

clinic as needed. But the physician cautioned Walker that he eventually might have to leave his current job because of his inability to lift or carry heavy objects.

In March 2012, Walker visited a primary-care physician, Pat Herrera, who prescribed medication for his pain. Walker continued to visit Herrera through May 2013 for check-ups and refills on his pain medications. Herrera's examinations of Walker showed no significant abnormalities.

After Walker filed a claim for workmen's compensation with his employer and an application for disability insurance benefits with the Social Security Administration, Walker's lawyer asked Herrera in October 2012 to complete two forms for these claims. The first form consisted of a series of "Yes" or "No" questions. One of these questions asked, "[H]as John Walker suffered a permanent/partial impairment to his low back . . . that causes him to have constant severe pain, which is made worse by any activities he tries to engage in?" Herrera answered, "Yes." The next question asked, "[W]ill John Walker be permanently and totally disabled from any gainful employment . . . ?" Again, Herrera answered, "Yes." The second form was titled "Clinical Assessment of Pain," and it asked a series of multiple-choice questions about the severity of Walker's pain and the prospects for long-term recovery and treatment. Herrera selected the answers stating that "[p]ain is present to such an extent as to be distracting to adequate performance of daily activities or work," and that physical activity such as

3

walking, standing, bending, or stooping "[g]reatly increased pain . . . to such a degree as to cause distraction from task or total abandonment of task." On the subject of pain medication, Herrera selected the answer stating that Walker's medication would cause "[s]ignificant side effects" that "may limit the effectiveness of work duties or the performance of everyday tasks." He also answered that "[p]ain and/or drug side effects can be expected to be severe and to limit effectiveness due to distraction, inattention, drowsiness, etc." As for Walker's prospects for long-term recovery, Herrera selected the answer stating that "[a]lthough pain may be less intense in the future, it will remain a significant element in this person's life." And he answered that treatments such as bio-feedback, nerve stimulation, and injections "have had no appreciable effect or have only briefly altered the level of pain this patient experiences."

In March 2013, Walker visited William Crunk, Ph.D., a vocational rehabilitation specialist. He later deposed Crunk for his workmen's compensation claim. Crunk said that Walker "would not be able to maintain an [eight]-hour day, he would not be able to be [at work] on a routine and regular basis, [and] persistence and pace would be a problem." In Crunk's opinion, Walker was "just not capable of working. So he would have a 100 percent loss of earning capacity."

An administrative law judge denied Walker's disability claim, and the Appeals Council denied Walker's request for review. After Walker filed a

complaint in the district court, the Commissioner moved to remand so that an administrative law judge could "fully consider and address the medical opinions and evidence" and "reassess [Walker's] residual functional capacity." The district court granted the motion and remanded the claim to the Commissioner for further proceedings. Following supplemental hearings, an administrative law judge again denied Walker's claim.

Consistent with the five-step evaluation process in the governing regulations, the administrative law judge found, first, that Walker was last insured on December 31, 2016, and that he had not engaged in substantial gainful activity since the alleged onset of his disability on May 17, 2011. 20 C.F.R. § 404.1520(a)(4)(i). Second, he found that Walker had two severe impairments: degenerative disc disease and carpal tunnel syndrome. *Id.* § 404.1520(a)(4)(ii), (c). Third, he found that Walker's impairments did not meet or equal the severity of one of the impairments necessary to trigger an automatic disability finding. *Id.* § 404.1520(a)(4)(iii), (d). Fourth, he determined that Walker had the residual functional capacity to perform sedentary, unskilled work with limitations. *Id.* §§ 404.1520(a)(4)(iv), 404.1567(a). Finally, he found that, based on Walker's "age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Walker] could

5

have performed." *See id.* § 404.1520(a)(4)(v). So he concluded that Walker was not disabled.

In his explanation about Walker's residual functional capacity at step four, the administrative law judge said that he assigned little weight to Crunk's opinion that Walker would be unable to work an eight-hour day and would have a 100 percent loss of earning capacity. "[T]he decision regarding disability," the administrative law judge said, "is reserved to the Commissioner based on all the evidence." *See id.* § 404.1527(d). And Crunk's opinion was "not consistent with the medical evidence," including a lack of any significant abnormalities during Walker's medical examinations and the opinion of Walker's first treating physician that Walker could perform light work.

The administrative law judge also assigned little weight to Herrera's responses on the medical questionnaire and form that Walker was "permanently and totally disabled from any gainful employment" and that his pain and medication side effects would significantly limit his ability to work. The administrative law judge reiterated that "[t]he decision regarding disability is reserved to the Commissioner based on all the evidence." And he explained that Herrera's responses in the forms were "not consistent with the evidence," including Herrera's own medical examinations that showed no significant abnormalities.

6

After the Appeals Council denied Walker's request to review the administrative law judge's decision, Walker filed a complaint against the Commissioner in the district court, which affirmed the Commissioner's denial. The district court concluded that the administrative law judge had good cause to assign little weight to the opinions of Crunk and Herrera. It explained that their opinions conflicted with the other evidence, including the opinion of Walker's first physician that Walker could perform light work. And it explained that Crunk's opinion was not entitled to any particular weight because he was not a treating physician.

## II. STANDARDS OF REVIEW

When an administrative law judge denies an application for disability insurance benefits and the Appeals Council denies review, we review the administrative law judge's decision as the final decision of the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). We review *de novo* both the Commissioner's legal conclusions, *Moore v. Barnhart*,

7

405 F.3d 1208, 1211 (11th Cir. 2005), and the district court's decision about whether the Commissioner's decision is supported by substantial evidence, *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III. DISCUSSION

Walker argues that the administrative law judge erred by failing to give proper weight to the opinions of Crunk and Herrera. He takes issue with the administrative law judge's statements that the disability decision is "reserved for the Commissioner." But Walker's argument misunderstands the administrative law judge's decision and the regulations governing disability determinations.

The Commissioner of the Social Security Administration has, at the hearing level, delegated to an administrative law judge the responsibility of determining a claimant's residual functional capacity and whether the claimant is disabled. *See* 20 C.F.R. § 404.1546(c); *see also* 42 U.S.C. § 405(*l*) (authorizing the Commissioner to delegate his powers to any member, officer, or employee of the Social Security Administration). When determining a claimant's residual functional capacity, an administrative law judge must consider all medical opinions in the record together with other pertinent evidence. 20 C.F.R. § 404.1520(e). In deciding how much weight to give a medical opinion, the administrative law judge considers, among other things, the examining relationship, the treatment relationship, the extent to which the opinion is supported by medical evidence and

8

explanations, and whether the opinion is consistent with the whole record. *Id.* § 404.1527(c).

Absent "good cause" to the contrary, the administrative law judge must give substantial weight to the opinion, diagnosis, and medical evidence of a treating physician. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (internal quotation marks omitted). Good cause may exist when the treating physician's opinion is not supported by evidence, evidence supports a contrary finding, or the treating physician's opinion is conclusory or inconsistent with the physician's own records. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

An administrative law judge is not required to agree with the statement of a medical source that a claimant is "disabled" or "unable to work." 20 C.F.R. § 404.1527(d)(1). Whether a claimant meets the statutory definition of disability is an administrative finding, not a medical opinion. That administrative finding is "reserved to the Commissioner." *Id.* § 404.1527(d). And because the Commissioner has delegated his authority to make the finding at the hearing level to an administrative law judge, the finding is effectively reserved to the administrative law judge. *See id.* § 404.1546(c). A medical source's opinion that a claimant is "disabled" or "unable to work" is not dispositive of a disability claim because the determination is reserved to administrative law judge acting on behalf of the Commissioner. *Id.* § 404.1527(d)(1).

The administrative law judge applied the correct legal standard when he assigned little weight to Crunk's and Herrera's opinions. He accurately quoted the Social Security regulation that the decision regarding Walker's disability was "reserved to the Commissioner." *Id.* § 404.1527(d). To be sure, that language was imprecise insofar as the Commissioner delegated his responsibility at the hearing level to the administrative law judge who acted on behalf of the Commissioner. But the administrative law judge correctly understood that Crunk's and Herrera's statements that Walker was disabled were not dispositive. He then evaluated their opinions and determined that good cause existed to assign them little weight.

Substantial evidence supports the administrative law judge's decision. Crunk is a vocational rehabilitation specialist, not a treating physician, so his opinion is not entitled to substantial or considerable weight. *See Lewis*, 125 F.3d at 1440. And even if Crunk were a physician, his opinion that Walker was not capable of working conflicted with other evidence, including several examinations that showed no significant abnormalities and the opinions of other medical experts that Walker could perform light work. As for Herrera, his opinion that Walker would be "permanently and totally disabled" conflicted with his own examinations of Walker, which showed no significant abnormalities. And it conflicted with other medical evidence, including Walker's functional-capacity evaluation.

10

Walker urges us to follow *Bjornson v. Astrue*, where the Seventh Circuit characterized as "imprecise" a remark by an administrative law judge that a disability determination is reserved to the Commissioner. 671 F.3d 640, 647–48 (7th Cir. 2012). The Seventh Circuit acknowledged that, under the governing regulations, "a statement by a medical source that [a claimant is] disabled or unable to work does not mean that [the Commissioner] will determine that [the claimant is] disabled." *Id.* at 647 (internal quotation marks omitted). But, it explained, the regulations do not mean "that such a statement is improper and therefore to be ignored." *Id.* An administrative law judge cannot use a medical source's statement that a claimant is disabled as an excuse to ignore the medical source's opinion about the claimant's alleged disability.

*Bjornson* does not help Walker's argument. The administrative law judge did not ignore Crunk's and Herrera's opinions. He instead considered them and assigned them little weight after concluding that they conflicted with other evidence in the record. The concern at issue in *Bjornson* is not present here.

## IV. CONCLUSION

We **AFFIRM** the denial of Walker's disability claim.

11