**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2793
_____

ROSEANNA CARRERO, o/b/o K.S.C. a Minor,
Appellant

v.

ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-02037)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed:  April 12, 2023)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Roseanna Carrero, on behalf of her minor daughter child, K.S.C., appeals from the District Court's order affirming a determination that K.S.C. was not disabled under the Social Security Act. For the following reasons, we will affirm.

Carrero filed an application on behalf of her minor child, K.S.C., for supplemental security income (SSI) benefits. The application was based on, among other things, K.S.C.'s attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), and specific learning disabilities. Following a hearing, an Administrative Law Judge (ALJ) denied the application, holding that K.S.C. was not disabled during the relevant period because her impairments did not meet or functionally equal the severity of any impairments listed in the applicable regulations. (ECF 13-2, at 11-25 of 48.) On October 4, 2021, the Appeals Counsel denied Carrero's request for review. (ECF 13-2, at 2-5 of 48.)

Carrero, with the assistance of an attorney, commenced an action on behalf of K.S.C. in the United States District Court for the Middle District of Pennsylvania. (ECF 1.) The matter was referred to a Magistrate Judge, who recommended that the District Court affirm the agency's decision because it was supported by substantial evidence. (ECF 19.) The District Court adopted the Magistrate Judge's Report and Recommendation and denied Carrero's appeal of the Acting Commissioner's decision. (ECF 20.) Carrero, proceeding pro se, filed a timely notice of appeal.[1] (ECF 22.)

---

[1] Although a non-lawyer parent generally cannot represent their child in federal court, see Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991), Carrero may do so here because we conclude that her own interests are at stake. See Machadio v. Apfel, 276 F.3d 103, 107 (2d Cir. 2002).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over any legal conclusions by the agency but review the ALJ's factual findings to determine whether they are supported by substantial evidence. See Allen v. Barnhart, 417 F.3d 396, 398 (3d Cir. 2005). In this context, "substantial evidence" "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564-65, (1988)).

To qualify for SSI benefits under the Social Security Act, a claimant under the age of 18 must demonstrate that she is "disabled" within the meaning of 42 U.S.C. § 1382. "The Commissioner [of the Social Security Administration] delegates the determination of disability at the hearing level to an administrative law judge with review by the Appeals Council." Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1335 (11th Cir. 2021). In making the disability determination, an ALJ must consider, in sequence, whether the claimant: (1) is doing substantial gainful activity, (2) has a severe impairment, and (3) has an impairment that meets or medically equals the severity of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. See 20 C.F.R. § 416.924(a)-(d). Here, the District Court determined that substantial evidence supported the Acting Commissioner's decision that, although K.S.C. was not doing substantial gainful activity and had severe impairments, her claim failed at the third step because her impairments did not meet, medically equal, or functionally equal an impairment listing. We agree.

3

The ALJ concluded that the medical records demonstrated that K.S.C. had a documented history of ADHD, ODD, learning disorders, and separation anxiety disorder. But the ALJ held that those impairments, although severe, did not meet or functionally equal the severity of any listed impairments. This conclusion was based on treatment and educational records, medical opinions, and Carrero's testimony. That evidence, which was summarized by the Magistrate Judge (ECF 19, at 2-7), demonstrated that while K.S.C. required mental health treatment, case management services, and placement in a "life skills classroom," her conditions were stable and she was progressing academically. For instance, the evidence indicated that K.S.C. had intact mental status examinations, appropriate affect and thought processes, normal speech and thought content, and age-appropriate insight and judgment.

Carrero argues that the "[A]cting Commissioner … did not look into [K.S.C.'s] disability diligently …." Appellant's Br., 1. This assertion apparently refers to her claim, made in the District Court, that the ALJ failed to discuss her testimony and a "function report" that she completed. But the ALJ's decision did reference Carrero's testimony, noting that she explained that K.S.C. is not able to grasp reading and math, that she is defiant, that she does not complete tasks, and that she experiences anxiety. (ECF 13-3, at 11 of 53.) Although the ALJ did not specifically discuss the function report that was completed by Carrero, the Magistrate Judge properly concluded that any error was harmless. See Brown v. Astrue, 649 F.3d 193, 196 (3d Cir. 2011) (stating that "[a]n error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover").

4

Indeed, because the function report contained information that was essentially the same as that provided in Carrero's testimony and in K.S.C.'s medical records, the ALJ's failure to specifically address the report did not affect the decision to deny relief. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that an ALJ's error is harmless if it is "inconsequential to the ultimate nondisability determination").

In her brief, Carrero asserts that the agency applied the "wrong law," namely Section 504 of the Rehabilitation Act and the Individuals with Disabilities Education Act ("IDEA"). Appellant's Br., 1. It is clear, however, that the ALJ properly evaluated only whether K.S.C. was disabled under the Social Security Act. Carrero also states that "since the time of the first initial claim in 2019," K.S.C. "developed a new disorder, [f]ocal seizures, and is now taking medication for that disability as well." Id. But "[b]ecause this evidence was not before the ALJ, it cannot be used to argue that the ALJ's decision was not supported by 'substantial evidence.'" Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991). Similarly, the Carrero's indication that K.S.C. "was deemed eligible for Social Security Income on April 1, 2022" has no bearing on our decision.

For the foregoing reasons, we will affirm the judgment of the District Court.