[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-11595

Non-Argument Calendar

————————————

JARETH RICHEY,

                                    Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

                                    Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00764-LSC

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jareth Richey appeals the district court's affirmance of the Social Security Administration's ("SSA") denial of his claim for disability insurance benefits ("DIB"), under 42 U.S.C. § 405(g). Richey argues that the administrative law judge's ("ALJ") decision to disregard the medical opinions of Drs. Mary Arnold, Sarah Boxley, Theodros Mengesha, and Scott Argo is not supported by substantial evidence. He also contends that the ALJ erred when he failed to include in his hypothetical to the vocational expert certain non-exertional limitations for disorders that the ALJ found were reflected and supported in the record.[1]

We review the ALJ's decision to determine whether it is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). We review *de novo* whether the ALJ applied the correct legal standards. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313-14 (11th Cir. 2021). "In reviewing for substantial evidence, we may not decide the facts anew, reweigh the evidence, or substitute our judgment for" the ALJ's. *Id.* at 1314 (quotation marks omitted). Substantial evidence

_____

[1] Richey initially raised a third issue on appeal but he withdrew that issue in his reply brief, so we do not address it.

is relevant evidence, greater than a scintilla, that "a reasonable person would accept as adequate to support a conclusion." *Walker v. Soc. Sec. Admin., Comm'r*, 987 F.3d 1333, 1338 (11th Cir. 2021) (quotation marks omitted). However, a decision is not based on substantial evidence if it focuses on one aspect of the evidence while disregarding contrary evidence. *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).

In the social security context, we do not address issues not raised to the district court. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004); *Stewart v. Dep't. of Health & Human Serv.*, 26 F.3d 115, 115-16 (11th Cir.1994) (stating that, "[a]s a general principle, this [C]ourt will not address an argument that has not been raised in the district court"). Similarly, we have held "that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). We have explained that "[j]udicial economy is served and prejudice is avoided by binding the parties to the facts presented and the theories argued below." *Stewart*, 26 F.3d at 115 (quotation marks omitted). Although we may hear an issue not raised in the lower court when the proper resolution is beyond any doubt, issues involving the resolution of factual questions can never be beyond doubt. *In re Daikin Miami Overseas*, 868 F.2d 1201, 1207 (11th Cir. 1989).

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. § 423(a)(1)(E). The individual seeking social security

disability benefits bears the burden of proving that he is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant is disabled if he cannot engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

When making disability determinations, the ALJ considers medical opinions from acceptable medical sources, including physicians. 20 C.F.R. §§ 404.1502(a)(1), 404.1527(a)(1), (b). Medical opinions are "statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions." *Id.* § 404.1527(a)(1).

For claims filed before March 27, 2017,[2] the ALJ must give a treating physician's opinion "substantial or considerable weight unless there is good cause to discount [it]." *Simon v. Comm'r, SSA*, 7 F.4th 1094, 1104 (11th Cir. 2021) (quotation marks omitted). A "treating source" is a physician or other medical source who has provided the claimant with medical treatment and has, or previously had, an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1527(a)(2). The weight to be given to a physician's

---

[2] For claims filed on or after March 27, 2017, the SSA does not give "any specific evidentiary weight" to any medical opinion. *See* 20 C.F.R. § 404.1520c. For claims filed before March 27, 2017, however, the rule regarding treating physicians' opinions still applies. *See id.* § 404.1527.

opinion depends on several factors, including: (1) the length of treatment and frequency of evaluation; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinions; (4) its consistency with the record as a whole; (5) whether there is specialization in the medical area at issue; and (6) any other factors tending to support or contradict the opinion. *See id.* § 404.1527(c); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1260 (11th Cir. 2019). The ALJ may give less weight to any medical opinion when the opinion is conclusory or inconsistent with the doctor's medical records, it is inconsistent with the record, or the evidence supports a contrary finding. 20 C.F.R. § 404.1527(c); *Schink*, 935 F.3d at 1259.

In *Schink*, we held that opinions from treating physicians should be considered in light of their treatment notes. 935 F.3d at 1262. We explained that "a medical opinion's failure to address all possible functional limitations is not a logical reason to discount what it says about the limitations that it does address," and we rejected the notion that the use of a check-box form, *per se*, warranted discounting the opinion as conclusory. *Id.* We noted that the doctors' treatment notes fleshed out and were consistent with their conclusions regarding the claimant's mental health, and while some of the claimant's mental status examinations were better than others, it was insufficient for the ALJ to point to positive or neutral observations that created, at most, trivial and indirect tensions with the treating physician's opinion by showing that the claimant's impairments were merely not all-encompassing. *Id.* at 1262-63. We held that the ALJ, in failing to even "hint at any real

inconsistency" between the doctors' treatment notes and their opinions, failed to show good cause for discounting their opinions. *Id*. at 1263-64. Further, we noted that, while the ALJ expressed a belief that the claimant could participate in "normal activities of daily living," the daily activities on which the ALJ relied were mostly solitary activities that did not discount the treating physicians' opinions that the claimant suffered significantly from mental impairments, particularly when interacting with others. *Id*. at 1264 (quotation marks omitted).

In *Simon*, we held that the ALJ erred in rejecting a treating physician's opinions based on inconsistencies with the physician's treatment notes because the ALJ only listed relatively minor symptoms while omitting any mention of the serious symptoms identified by the doctor. *Simon*, 7 F.4th at 1105-06. We also held that it was error to conclude that a treating physician's references to the claimant being stable on medication were inconsistent with a finding of debilitating mental illness. *Id*. at 1106. We reasoned that "[m]any mental disorders—and bipolar disorder in particular—are characterized by the unpredictable fluctuation of their symptoms, and thus it is not surprising that even a highly unstable patient will have good days or possibly good months." *Id*. We stated that, when a claimant has been diagnosed with a mental disorder, "highly generalized statements that the claimant was 'cooperative' during examination, that he exhibited 'organized speech' and 'relevant thought content,' or that he showed 'fair insight' and 'intact cognition,' ordinarily will not be an adequate basis to reject a treating physician's opinions." *Id*. at 1107. Further, an ALJ must

account for the differences between a clinic setting and more stressful work setting. *Id.* at 1107-08. We similarly concluded that a claimant being able to eat, put on clothes in the morning, and purchase basic necessities does not "say much about whether a person can function in a work environment—with all of its pressures and obligations—on a sustained basis." *Id.* at 1108.

The Commissioner, not a claimant's physician, is responsible for determining whether the claimant is statutorily disabled. 20 C.F.R. § 404.1527(d)(1). A medical source's opinion that a claimant is "disabled" or "unable to work" is not dispositive of a disability claim because the determination is reserved to an ALJ acting on behalf of the Commissioner. *Id.*; *Walker*, 987 F.3d at 1339. Although a claimant may provide a statement containing a physician's opinion of his remaining capabilities, the ALJ evaluates such a statement in light of the other evidence presented. *See* 20 C.F.R §§ 404.1527(d), 404.1545(a)(3).

Here, as an initial matter, Richey did not raise before the district court the issues that he now raises on appeal relating to the ALJ's consideration of Dr. Arnold's opinion, so we do not address those arguments.

The ALJ's decision to give Dr. Mengesha's and Dr. Argo's opinions little weight is supported by substantial evidence. Notably, the forms that Dr. Mengesha completed regarding Richey's headaches and seizures were inconsistent with his extensive treatment records of Richey. As to Dr. Argo, the ALJ provided specific examples of the inconsistencies between Dr. Argo's opinions and

his treatment notes and the other medical evidence in the record, and Dr. Argo's opinions regarding the amount of work that Richey would miss was not supported by any objective medical findings.

However, the ALJ's decision is not supported by substantial evidence as to Dr. Boxley because he did not identify good cause to discount her opinions. *Simon*, 7 F.4th at 1104-05. Dr. Boxley was one of Richey's treating physicians and treated him on dozens of occasions over several years, so the ALJ had to consider those factors when deciding how much weight to give her opinions. 20 C.F.R. § 404.1527(a)(2). However, it appears that the ALJ disregarded Dr. Boxley's opinion based on observations such as normal thought content, eurythmic mood, and logical thought process, and his improvements on medications, which this Court has stated is an insufficient basis to reject a treating physician's opinions in an analogous context. *Simon*, 7 F.4th at 1105-06. Similarly, although Richey's record evidence indicated that he could interact with his grandparents, attend church, play video games, and occasionally shop, those daily situations did not provide a basis upon which the ALJ could determine whether Richey could function in a work environment on a sustained basis. *Id.* at 1107-08.

Although the ALJ stated that Richey's video gaming evidenced his ability to navigate the complexities of the different levels of the game and be responsive to instruction, the ALJ did not explain how Richey's ability to play video games at home by himself undermined Dr. Boxley's opinions that he would have difficulty interacting with coworkers and supervisors because of his

22-11595                 Opinion of the Court                 9

Asperger's syndrome and anxiety or maintaining socially appropriate behavior and adhering to basic standards of neatness. *Schink*, 935 F.3d at 1264. The ALJ specifically mentioned Richey's video game habits as a basis for rejecting Dr. Boxley's opinions, but the ALJ failed to explain how or why playing video games evidenced Richey's ability to interact with coworkers and supervisors in a work environment. Because the ALJ did not provide a sufficient basis for affording Dr. Boxley's opinion such little weight, the ALJ's finding is not supported by substantial evidence. 20 C.F.R. § 404.1527(c); *Schink*, 935 F.3d at 1262 64; *Simon*, 7 F.4th at 1105 06.

Accordingly, we affirm in part, reverse in part, and remand to the district court with instructions to vacate the Commissioner's decision and to remand to the Commissioner for further proceedings consistent with this opinion. Based on our decision as to this issue, we do not reach Richey's second issue regarding the hypothetical to the vocational expert, which did not include the limitations supported by Dr. Boxley's opinion.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED WITH INSTRUCTIONS.**