[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13984

Non-Argument Calendar

_____

TAMMY OHNECK,

Plaintiff-Appellant,

_versus_

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:21-cv-00962-NAD

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Tammy Ohneck appeals the district court's affirmance of the Social Security Administration's ("SSA") denial of her claim for supplemental security income ("SSI") benefits, under 42 U.S.C. § 405(g), and disabled widow's benefits ("DWB"), under 42 U.S.C. § 405(e). Ohneck first argues that she properly preserved her arguments on appeal as to the administrative law judge's ("ALJ") consideration of her treating physician's opinion, because she is not raising a new issue on appeal, but rather making a new argument. Second, she argues that the ALJ failed to properly evaluate and articulate the "supportability" and "consistency" factors in its assessment of her treating physician's, Dr. Pascual Herrera, opinion, as required by 20 C.F.R. § 404.1520c. For the reasons stated below, we affirm the district court's decision.

## I.

In a social security disability case in which the Appeals Council ("AC") has denied review, "we review the ALJ's decision as the Commissioner's final decision." *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021). "Our review is the same as that of the district court, meaning we neither defer to nor consider any errors in the district court's opinion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (internal quotation marks and citations omitted).

Arguments not raised before the administrative agency or the district court are forfeited and generally will not be considered on appeal. *Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). Forfeited issues will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 872-73 (11th Cir. 2022) (*en banc*).

We have noted that there is a difference between raising new issues and making new arguments on appeal. *In re Home Depot Inc.*, 931 F.3d 1065, 1086 (11th Cir. 2019). We have held that "[i]f an issue is 'properly presented, a party can make any argument in support of that [issue]; parties are not limited to the precise arguments they made below.'" *Id.* (alteration in original) (quoting *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992)). In *In re Home Depot Inc.*, we held that Home Depot made new arguments on appeal, rather than raise a new issue, where it relied on a new line of precedent but did not change its requested relief. *Id.* at 1071, 1086.

We have applied this same principle in both the criminal and immigration contexts. In *United States v. Brown*, a criminal case, the government argued before the district court that Brown had the intent to cause bodily injury when he used a Taser during the underlying offense. 934 F.3d 1278, 1307 (11th Cir. 2019). We held that, because the government preserved the specific ground for review implicated by its claim before the district court, it could offer new arguments to support that position on appeal. *Id.* at 1306-07. In *Bourtzakis v. United States Attorney General*, an immigration case, we held that, because Bourtzakis argued before the district court that

his drug conviction was not an aggravated felony, he could make any argument as to that claim on appeal, including offering new arguments as to how the Washington statute was broader than the federal act. 940 F.3d 616, 620-21 (11th Cir. 2019).

We conclude that Ohneck sufficiently preserved the issue she is raising on appeal. Before the district court, Ohneck did not have the benefit of the *Harner v. Social Security Administration, Commissioner*, 38 F.4th 892 (11th Cir. 2022), decision, and argued that, regardless of the new regulations, the "treating physician rule" remained applicable under Circuit precedent. Moreover, Ohneck did, although cursorily in her reply brief, argue that even under the new regulations, her challenge against the ALJ's decision was meritorious. In any event, Ohneck's argument throughout her appeals has remained the same—that the ALJ did not sufficiently articulate his reasons for discrediting Dr. Herrera's opinions. Thus, we review the merits of Ohneck's appeal.

## II.

We review the ALJ's decision to determine whether it is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citation omitted). We review *de novo* whether the ALJ applied the correct legal standards. *Viverette*, 13 F.4th at 1313-14.

When "reviewing for substantial evidence, we 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for'" the ALJ's. *Id.* at 1314 (quoting *Winschel*, 631 F.3d at

1178).  Substantial evidence is relevant evidence, greater than a scintilla, that "a reasonable person would accept as adequate to support a conclusion."  *Walker v. Soc. Sec. Admin., Comm'r*, 987 F.3d 1333, 1338 (11th Cir. 2021) (internal quotation marks omitted) (quoting *Winschel*, 631 F.3d at 1178).  However, a decision is not based on substantial evidence if it focuses on one aspect of the evidence while disregarding contrary evidence.  *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).

An individual claiming SSI or DWB must prove that she is disabled on or before the last date on which she was insured to be eligible for benefits.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); 42 U.S.C. § 423(a)(1)(A); *see* 20 C.F.R. § 404.1505(a).  The ALJ uses a five-step, sequential evaluation process to determine whether a claimant is disabled.  *Winschel*, 631 F.3d at 1178.  This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe and medically-determinable impairment; (3) has an impairment, or combination thereof, that meets or equals the severity and duration of a specified impairment as defined in the regulations; (4) can perform past relevant work, in light of her residual functional capacity ("RFC"); and (5) can make an adjustment to other work, in light of her RFC, age, education, and work experience.  *Id.*; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

In *Harner*, we recognized that for claims filed before March 27, 2017, ALJs "were instructed to defer to the medical opinions of a social security claimant's treating physicians" under the

"treating physician rule." 38 F.4th at 896. The relevant regulation required ALJs to generally give more weight to the opinions of treating physicians unless there was good cause not to do so. *Id.* at 896-97.

For claims filed on or after March 27, 2017, the ALJ must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [a claimant's] medical sources." *Id.* at 897 (quoting 20 C.F.R. § 404.1520c(a)); *see also* 20 C.F.R. § 416.920c(a). Instead, the ALJ should consider medical opinions "using the factors listed in paragraphs (c)(1) through (c)(5)" of the respective regulations. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Those factors are: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c), 416.920c(c).

The most important factors ALJs must consider when evaluating the persuasiveness of medical opinions are supportability and consistency. *Id.* §§ 404.1520c(a), 416.920c(a). For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinions . . . the more persuasive the medical opinions . . . will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). For

consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ must explain how he analyzed the supportability and consistency of a medical source's opinion but is not required to explain the other factors in paragraph (c). *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, Ohneck argues that the ALJ failed to adequately state its reasons for discrediting Dr. Herrera's opinions, specifically, that the ALJ did not sufficiently articulate the supportability and consistency factors outlined in the regulations. However, the record shows that the ALJ did thoroughly evaluate the evidence and provided his reasons for discrediting Dr. Herrera's opinion. Moreover, Ohneck's challenge fails because there is substantial evidence that supports the ALJ's decision.

As to supportability, the ALJ determined that Dr. Herrera's own treatment notes undermined the doctor's ultimate opinion as to whether Ohneck was disabled. Although in Ohneck's SSA application Dr. Herrera reported significant limitations to her mobility, his treatment notes indicated otherwise. For example, Dr. Herrera opined that Ohneck had severe pain because of her damaged rotator cuff and that her range of motion was severely reduced, but he did not suggest any kind of major treatment. In fact, Dr. Herrera's recommendation was that she avoid any overhead reaching on her right side to account for her shoulder limitations and his overall

treatment was conservative.  The ALJ concluded that, based on her medical records, Ohneck's physical condition did not infringe on her ability to engage in work activity albeit with some modest limitations.

As to consistency, the ALJ again pointed to the record as a whole including Dr. Herrera's treatment notes and the opinions of other physicians.  In particular, the ALJ contrasted Dr. Herrera's physical examination of Ohneck, which included multiple "normal" findings on her physical examination with the more serious limitations he suggested in support of her SSA application. In the end, the ALJ considered the opinions of two other physicians to be more persuasive.  Moreover, substantial evidence supports the ALJ's decision to reject Dr. Herrera's opinion.  Therefore, we **AFFIRM** the district court's decision.