[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11827

Non-Argument Calendar

_____

SONYA HORTON,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:21-cv-01651-HNJ

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Sonya Horton appeals the denial of her application for disability insurance benefits and supplemental security income. During her application process, Horton was given a hearing before an Administrative Law Judge of the Social Security Administration. Among the evidence Horton presented at that hearing were the opinions of three medical professionals: (1) Dr. Tariq, one of Horton's treating physicians; (2) Dr. Nichols, a physician who examined Horton one time; and (3) Dr. Brennan, a consulting physician. Each opinion supported Horton's claim that her mental and physical disabilities made her unemployable. En route to denying Horton's application, the ALJ found those opinions largely unpersuasive and gave them little weight in the overall analysis. Horton's appeal challenges the ALJ's treatment of those opinions.

As to each opinion, the ALJ found that the physician's bottom line conclusion conflicted with the rest of the record. Dr. Tariq told the ALJ that Horton would be unable to find work due to debilitating neck and back pain. But Dr. Tariq's contemporaneous treatment notes indicated that Horton's physical examinations were largely normal apart from some muscle spasms. According to the ALJ, Dr. Tariq's opinion also conflicted with treatment notes from physical examinations performed by other providers. Dr. Nichols, after performing one mental health evaluation at the request of Horton's counsel, opined that various mental health

conditions would prevent Horton from working a full workday and would require Horton to miss 10-12 days of work a month. The ALJ discounted this opinion as inconsistent with the evidence that Horton's other mental examinations were largely normal and evidence that treatment controlled Horton's mental health conditions. Dr. Brennan testified that Horton likely had mental health issues. The ALJ found that testimony unhelpful, however, because it was based on assumptions and speculation that conflicted with other evidence. For one example, Dr. Brennan stated that Horton had a history of missing medical appointments, which likely evidenced extreme mental impairment. But the record evidence (e.g., some of Horton's own statements to her healthcare providers) explained that the missed appointments were due to transportation issues.

Horton argues that the ALJ gave too much weight to evidence that contradicted the physicians' opinions at the expense of evidence that purportedly supported those opinions. But it is not our role to "decide the facts anew, reweigh the evidence, or substitute our judgment for" the ALJ's. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1314 (11th Cir. 2021). Our review of the ALJ's decision to discount the physicians' opinions is narrow. We ask whether the ALJ adequately explained the basis of its decision and whether the ALJ's explanation establishes that there was "substantial evidence" to support the decision. *See Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305–06 (11th Cir. 2018); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person

would accept as adequate to support a conclusion." *Walker v. Soc. Sec. Admin., Comm'r*, 987 F.3d 1333, 1338 (11th Cir. 2021); *see also id.* (discussing the "good cause" standard for discounting the opinion of a treating physician). The ALJ's decisions to discount the physicians' opinions were adequately explained and supported by substantial evidence. That resolves this appeal.

**AFFIRMED**.