**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-14160

Non-Argument Calendar

————————————

VICTOR GERARD GUYTON, II,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:25-cv-21076-EGT

————————————

Before JORDAN, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Victor Guyton, II, proceeding *pro se*, appeals the magistrate judge's order affirming the Administrative Law Judge's ("ALJ") de-

nial of his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").[1] On appeal, Guyton argues that (1) substantial evidence does not support the ALJ's conclusion that his physical impairments did not meet or equal any listed impairment at step three of the disability analysis, and (2) substantial evidence does not support the ALJ's conclusion that he could perform other jobs different from his past relevant work despite his physical impairments at step five of the analysis. After review,[2] we affirm.

## I. DISCUSSION

As an initial matter, Guyton has forfeited all of the issues he raises on appeal because he failed to assert them with sufficient particularity in the district court proceedings. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this

---

[1] The procedures for analyzing DIB and SSI claims are "essentially the same," so our discussion below applies equally to Guyton's claims for both types of benefits. *See Bowen v. City of N.Y.*, 476 U.S. 467, 470 (1986). The magistrate judge handled the case pursuant to the parties' consent.

[2] "When an administrative law judge denies an application for disability insurance benefits and the Appeals Council denies review, we review the administrative law judge's decision as the final decision of the Commissioner." *Walker v. Soc. Sec. Admin., Comm'r*, 987 F.3d 1333, 1338 (11th Cir. 2021). Our review "is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied." *Id.* "We review *de novo* both the Commissioner's legal conclusions, and the district court's decision about whether the Commissioner's decision is supported by substantial evidence." *Id.* (citations omitted).

court." (quotation marks omitted)); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (declining in social security case to consider issue that was not raised before the district court). Regardless, even if Guyton did not forfeit the issues he raises on appeal, we would still affirm for the reasons below.[3]

A.  *Listed Impairment – Step Three*

In reviewing a claim for disability benefits, the ALJ must conduct a "five-step sequential analysis" to determine if the claimant is disabled. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). "If the ALJ determines that the claimant is not disabled at any step of the evaluation process, the inquiry ends." *Id.*

At step three of the analysis, the ALJ considers whether the claimant has proved that he has an impairment that "meets or equals" an impairment listed in the relevant regulations "and meets the duration requirements." *Id.*; *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991) (explaining that the claimant bears the burden of proof at step three). If the claimant's impairments meet or equal a listed impairment, the claimant will be found to be disabled without further analysis. 20 C.F.R. § 404.1520(a)(4)(iii), (d), (e). If not, the ALJ proceeds to step four.

---

[3] We do not address any of the issues that Guyton raised for the first time in his reply brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").

"To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. § 404.1525(a)-(d)). "To 'equal' a Listing, the medical findings must be at least equal in severity and duration to the listed findings." *Id.* (quotation marks omitted) (citing 20 C.F.R. § 404.1526(a)); *see also Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) ("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment."). "If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment." *Wilson*, 284 F.3d at 1224.

Substantial evidence supports the ALJ's conclusion that Guyton's impairments, both individually and in combination, do not meet or equal any of the listed impairments. *See Buckwalter*, 5 F.4th at 1320 ("We will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it."). The ALJ concluded in light of the record evidence that the majority of Guyton's impairments generally did not meet or equal any listed impairment, which she was permitted to do, and also found that Guyton's obesity and mental limitations did not meet or equal any specific listing. *See Hutchison*

*v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) (explaining that at step three, an ALJ does not need to "mechanically recite the evidence leading to her determination").

On appeal, Guyton argues that his physical impairments meet or equal the specific listed impairments described in sections 1.21 ("[s]oft tissue injury or abnormality under continuing surgical management") and 8.08 (burns). We disagree.

The physical impairments that Guyton relies on for his arguments on appeal are a left shoulder injury and road-rash-like burns on his left heel and back/buttocks that he received in March 2021 when he was struck by a truck while riding a moped. An x-ray of Guyton's shoulder performed within days of the accident indicated "[s]ubluxation of the acromioclavicular joint" but "[n]o acute [bone] fracture." After a subsequent MRI, Guyton was diagnosed with left shoulder "pain," "sprain," "strain," "tendinitis/bursitis," and "[acromioclavicular] separation grade 3."

Guyton's impairments do not meet or equal the "[s]oft tissue injury or abnormality under continuing surgical management" impairment described in section 1.21 because Guyton did not submit any evidence indicating that his shoulder or burn injuries were undergoing "continuing surgical management." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.21(A). In fact, none of the records Guyton submitted indicate that he ever underwent any surgery at all for his injuries. Instead, for his shoulder injury he was prescribed physical

6                    Opinion of the Court                    25-14160

therapy and "conservative treatment." Additionally, records indicate that Guyton's burns were "well healed" as of April 2022 without any surgery.

Guyton's impairments also do not meet or equal the "burns" impairment described in section 8.08 because Guyton did not submit any evidence indicating that his burns caused him to be unable to stand up from a seated position or to maintain an upright position while standing or walking. *Id.* § 8.08(C)-(D). As already stated, as of April 2022, Guyton's burns were "well healed," and he was also able to "[a]mbulate[] independently with normal gait." No records indicate that his burns ever caused him problems with standing, walking, or sitting.

For these reasons, substantial evidence supports the ALJ's conclusion that Guyton failed to show that his impairments met or equaled a listed impairment.[4]

---

[4] Guyton also argues for the first time in his reply brief that his impairments meet or equal the impairment listed in section 1.18 ("[a]bnormality of a major joint(s) in any extremity"). Even if Guyton did not abandon this argument by raising it for the first time in his reply brief, *see Timson*, 518 F.3d at 874, we would still reject it because Guyton failed to show a medical need for a "one-handed, hand-held assistive device . . . that requires the use of the other upper extremity," which includes "walkers, canes, or crutches, which you hold onto with your hand(s) to support or aid you in walking." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 1.18(D)(2), 1.00(C)(6)(d). Guyton argues that his shoulder injury meets or equals the § 1.18 impairment because he was provided an arm sling for his shoulder when he received treatment immediately after the accident, but a sling clearly does not satisfy the above requirement. There is also no evidence that Guyton had to use the sling for a significant amount of time.

B.  *Ability to Perform Other Jobs – Step Five*

If the ALJ concludes at step four of the disability analysis that the claimant is unable to perform his past relevant work because of his impairments, the burden then shifts at step five to the Commissioner "to show the existence of other jobs in the national economy that the claimant can perform, given [his] impairments." *Buckwalter*, 5 F.4th at 1320-21. "The ALJ thus must determine, in light of the Dictionary of Occupational Titles (DOT) and the vocational expert's (VE) testimony, 'whether jobs exist in the national economy in significant numbers that the claimant could perform in spite of his impairments.'" *Id.* at 1321 (quoting *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1360 (11th Cir. 2018)). The ALJ does this by considering the claimant's residual functional capacity ("RFC")—"the most physical and mental work [the claimant] can perform despite [his] limitations"—age, education, and work experience. *Id.* at 1320; *Malak v. Comm'r of Soc. Sec.*, 131 F.4th 1280, 1283 n.2 (11th Cir. 2025).

The ALJ concluded at step four that Guyton could not perform his past relevant work as a commercial truck driver but that he could perform the alternative jobs of bagger and machine operator, which required medium exertion. The ALJ reached this conclusion after thoroughly detailing and weighing the various medical records submitted in the case and hearing testimony from a VE. The ALJ did not defer to any medical opinion but rather weighed all submitted opinions objectively in light of the totality of the record evidence. *See* 20 C.F.R. § 404.1520c(a).

Guyton argues that the ALJ's step-five conclusion is not supported by substantial evidence for two reasons. First, he asserts that the Commissioner did not submit evidence establishing that he could perform medium-exertion work given that his past relevant work as a commercial truck driver was "sedentary." Second, he contends that the ALJ improperly disregarded his subjective testimony about the pain he suffered from his impairments and his inability to stand, walk, and sit at all during an eight-hour workday. Guyton is wrong on both counts.

Guyton's first argument fails because he is incorrect that his past relevant work as a commercial truck driver was "sedentary." According to the DOT, the job of commercial truck driver requires medium exertion, like the bagger and machine-operator jobs the ALJ concluded Guyton could perform. DOT §§ 905.663-014, 920.687-014, 920.685-078. Regardless, the ALJ appropriately concluded that Guyton could perform the jobs of bagger or machine operator based on the record evidence regarding his physical and mental limitations and the VE's testimony. *See Biestek v. Berryhill*, 587 U.S. 97, 105 (2019) ("[A] vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data."). Guyton has not shown any flaw in the ALJ's analysis on this ground.

Guyton's second argument fails because the ALJ appropriately rejected his subjective testimony about the intensity of his symptoms.

To establish a disability based on subjective testimony of pain or other symptoms, the claimant must show "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain [or other symptoms]; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain [or other symptoms]." *Wilson*, 284 F.3d at 1225. If the ALJ rejects subjective testimony about pain or other symptoms, she "must articulate explicit and adequate reasons for doing so." *Id.*

In this case, the ALJ rejected Guyton's subjective testimony that he could not work because of pain and that he could not stand, walk, or sit at all during an eight-hour workday. The ALJ recognized that Guyton's medically determinable impairments could result in the symptoms he described but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record evidence.

The ALJ's credibility determination regarding Guyton's subjective testimony was based on "explicit and adequate reasons" and is supported by substantial evidence. *See id.*; *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) ("We have held that credibility determinations are the province of the ALJ, and we will not disturb a clearly articulated credibility finding supported by substantial evidence." (citations omitted)). In support of her credibility determination, the ALJ specifically pointed to the fact that

Guyton "received routine and conservative treatment for his impairments," which indicated that his symptoms and limitations were not as severe as he alleged.

Guyton did not receive surgery for any of his injuries and was prescribed only physical therapy and "conservative treatment" for his shoulder, although he received multiple spinal injections for reported neck and back pain in June and September 2021. Guyton's burns were found to be "well healed" in April 2022, and during that same examination, Guyton's left shoulder was found to have a "[n]ormal range of motion" and "[n]ormal strength." Further, when Guyton was examined in November 2023, he was found to have "full range of motion," and when he was examined in April 2024, the examining physician reported that he had "[n]ormal motor strength of 5/5 in both upper and lower extremities" and could "perform gait, station, heel to toe, tandem walk, and knee squat without difficulty." During the November 2023 examination, Guyton reported that his pain was "well controlled with [over the counter] medication." Additionally, when Guyton testified before the ALJ that he could not stand, walk, or sit for any time during an eight-hour workday, the ALJ remarked that Guyton apparently had no trouble with walking to the hearing office using public transportation or sitting for at least fifty-three minutes during the hearing.

Based on these facts, the ALJ's rejection of Guyton's subjective testimony about his pain and inability to stand, walk, or sit is supported by substantial evidence. The above evidence supports

the ALJ's finding that the treatment Guyton received for his injuries and his various examinations indicated that his symptoms were not as severe as he alleged. Thus, Guyton has failed to show any error in the ALJ's step-five analysis.

## II. CONCLUSION

Substantial evidence supports the ALJ's conclusions that (1) Guyton's impairments did not meet or equal any of the listed impairments and (2) Guyton could perform other jobs in the national economy different from his past relevant work despite his limitations. Accordingly, the magistrate judge did not err by affirming the ALJ's denial of Guyton's disability claims.

**AFFIRMED.**